

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| ROSE JULIA DOUGLAS, | Case No.: 26-cv-3095-RSH-DEB |
|---|---|
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION TO PROCEED *IN FORMA PAUPERIS*** |
| CREDIT ACCEPTANCE CORPORATION, | [ECF No. 2] |
| Defendant. | |

On May 18, 2026, Plaintiff Rose Julia Douglas, proceeding pro se, commenced this action by filing a complaint and a motion to proceed *in forma pauperis* ("IFP"). ECF Nos. 1 ("Compl."); 2. For the reasons below, the Court grants Plaintiff's IFP motion.

## I.      MOTION TO PROCEED IFP

All parties instituting any civil action, suit or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay a filing fee of $405, consisting of a $350 statutory fee plus an additional administrative fee of $55. *See* 28 U.S.C. § 1914(a); Judicial Conference Schedule of Fees, District Court Misc. Fee Schedule, § 14 (eff. Dec. 1, 2023)). An action may proceed despite a plaintiff's failure to prepay the entire fee only if she is granted leave to proceed IFP pursuant to 28 U.S.C. §

1915(a). *See Escobedo v. Applebees*, 787 F.3d 1226, 1232 (9th Cir. 2015) ("Section 1915(a)(1) allows federal courts to authorize commencement of a suit 'without prepayment of fees or security therefor, by a person who submits an affidavit' demonstrating 'that the person is unable to pay such fees or give security therefor.'") (quoting 28 U.S. Code § 1915(a)(1)); *see Hymas v. United States DOI*, 73 F.4th 763, 766 n.3 (9th Cir. 2023) ("§ 1915(a)(1) applies to all persons notwithstanding its 'prisoner possesses' language.") (internal quotation marks omitted).

In her IFP application, Plaintiff states that she is a disabled veteran supporting three children. ECF No. 2 at 5. Plaintiff reports that she has not been employed during the past two years, has no savings in any financial institution, and has no other assets. *Id*. at 2–3. According to her application, Plaintiff receives $4,100 per month in VA disability benefits and has monthly expenses totaling $4,250. *Id*. at 2, 4. Based on these representations, the Court concludes Plaintiff has adequately demonstrated that she is unable to pay the filing fee at this time for this action. *Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960) ("One need not be absolutely destitute to obtain benefits of the in forma pauperis statute.").

## II.   SCREENING PURSUANT TO 28 U.S.C. § 1915(e)(2)

A complaint filed by any person seeking to proceed IFP pursuant to 28 U.S.C. § 1915(a) is subject to sua sponte review and dismissal should the Court determine, inter alia, that it is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B); *see Lopez v. Smith*, 203 F.3d 1122, 1129 (9th Cir. 2000) ("[S]ection 1915(e) applies to all in forma pauperis complaints, not just those filed by prisoners.").

"The standard for determining whether a plaintiff has failed to state a claim upon which relief can be granted under § 1915(e)(2)(B)(ii) is the same as the Federal Rule of Civil Procedure 12(b)(6) standard for failure to state a claim." *Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *see also Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (noting that § 1915A screening "incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)"). Rule

2

12(b)(6) requires a complaint to "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In her Complaint, Plaintiff alleges that Defendant furnished information regarding an auto-loan account purportedly associated with Plaintiff to consumer reporting agencies, including Experian. Compl. ¶ 5. Plaintiff alleges she disputed the accuracy of that information and requested the method used to investigate her dispute. *Id.* ¶¶ 7, 10. According to Plaintiff, Defendant failed to provide a meaningful description of its investigation and continued to furnish allegedly inaccurate information. *Id.* ¶¶ 10–11. Plaintiff asserts claims under the Fair Credit Reporting Act, including for violations of 15 U.S.C. § 1681s-2(b) and 15 U.S.C. § 1681i(a)(7). At this preliminary stage, the Court concludes that Plaintiff's allegations are sufficient to "meet the low threshold for proceeding past the screening stage." *Wilhelm v. Rotman*, 680 F.3d 1113, 1123 (9th Cir. 2012).

## III.    CONCLUSION

For the reasons set forth above:

1.    The Court **GRANTS** Plaintiff's motion to proceed *in forma pauperis* [ECF No. 2].

2.    The Court concludes that Plaintiff's Complaint survives the sua sponte screening required by 28 U.S.C. § 1915(e)(2). The Court accordingly **DIRECTS** the Clerk to issue a summons and forward it to Plaintiff, along with a blank U.S. Marshal Form 285, a certified copy of the Complaint, and a certified copy of this Order. Plaintiff is directed complete the Form 285 as completely and accurately as possible and return it to the U.S. Marshal according to the instructions provided by the Clerk with the form.

///

///

///

///

3.    Upon receipt of Plaintiff's complete Form 285, the U.S. Marshal is **ORDERED** to serve a copy of the Complaint and summons upon Defendant as directed by Plaintiff on her Form 285. All costs of service will be advanced by the United States. *See* 28 U.S.C. § 1915(d); Fed. R. Civ. P. 4(c)(3).

    **IT IS SO ORDERED.**

Dated: May 28, 2026

Robert S Huie

_____

Hon. Robert S. Huie
United States District Judge

26-cv-3095-RSH-DEB