UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

JULIA ROSE DOUGLAS,
Plaintiff,
v.
CREDIT ACCEPTANCE CORPORATION,
Defendant.

Case No.: 26-cv-3095-RSH-DEB

**ORDER GRANTING DEFENDANT'S MOTION TO COMPEL ARBITRATION**

[ECF No. 6]

Pending before the Court is a motion to compel arbitration filed by defendant Credit Acceptance Corporation. ECF No. 6.[1] For the reasons below, the Court grants Defendant's motion.

## I. BACKGROUND

In April 2020, Plaintiff purchased a vehicle from SD Motor Group, Inc. ("SDMG") and financed her purchase by entering into a retail installment contract ("RIC") with the

[1] All citations to electronic case filing ("ECF") entries refer to the ECF-generated page numbers.

dealership. *See* ECF No. 6-1. The RIC was assigned to defendant Credit Acceptance Corporation. *Id.*

On May 18, 2026, Plaintiff filed this action against Defendant claiming violations of the Fair Credit Reporting Act ("FCRA"). ECF No. 1. On July 2, 2026, Defendant filed this motion to compel arbitration. ECF No. 6. Plaintiff did not file an opposition.

Defendant argues that Plaintiff agreed to arbitration by signing the RIC containing an arbitration provision (the "Arbitration Clause"). *Id.* at 7. The first page of the RIC states: "[t]his Contract contains an Arbitration Clause that states You and We may elect to resolve any dispute by arbitration and not by court action. See the Arbitration Clause on Page 6[.]" ECF No. 6-1 at 4. The Arbitration Clause on page six of the RIC states, in relevant part:

> This Arbitration Clause describes how a Dispute (as defined below) may be arbitrated. Arbitration is a method of resolving disputes in front of one or more neutral persons, instead of having a trial in court in front of a judge and/or jury. In this Arbitration Clause, "We" and "Us" mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation) or their employees, assignees, or any third party providing any good or services in connection with the origination, servicing and collection of amounts due under the Contract if such third party is named as a party between You and Us. "You" and "Your" means each Buyer named on page 1.

*Id.* at 9. The term "dispute" is defined to include:

> [A]ny controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service in this Contract. "Dispute" shall have the broadest meaning possible, and includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.

*Id.*

///

///

## II. LEGAL STANDARD

The Federal Arbitration Act ("FAA") governs arbitration agreements contained in commercial contracts. 9 U.S.C. § 2. The FAA "was enacted . . . in response to widespread judicial hostility to arbitration agreements." *AT&T Mobility LLC v. Concepcion*, 563 U.S. 333, 339 (2011). It "reflect[s] both a 'liberal federal policy favoring arbitration,' and the 'fundamental principle that arbitration is a matter of contract[.]'" *Id.* (citations omitted) (quoting *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.*, 460 U.S. 1, 24 (1983)). The FAA provides that "[a] written provision in . . . a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract[.]" 9 U.S.C. § 2. The FAA "requires courts 'rigorously' to enforce arbitration agreements according to their terms, including terms that specify with whom the parties choose to arbitrate their disputes and the rules under which that arbitration will be conducted." *Epic Sys. Corp. v. Lewis*, 584 U.S. 497, 506 (2018) (citations omitted).

A federal court "must compel arbitration if (1) a valid agreement to arbitrate exists and (2) the dispute falls within the scope of that agreement." *Geier v. m-Qube Inc.*, 824 F.3d 797, 799 (9th Cir. 2016). "Any doubts concerning the scope of arbitrable issues should be resolved in favor of arbitration." *Simula v. Autoliv, Inc.*, 175 F.3d 716, 719 (9th Cir. 1999) (citing *Moses H. Cone*, 460 U.S. at 24-25). The court, "upon being satisfied that the issue involved . . . is referable to arbitration, shall on application of one of the parties stay the trial of the action until such arbitration has been had in accordance with the terms of the agreement[.]" 9 U.S.C. § 3.

## III. ANALYSIS

### A. Valid Agreement to Arbitrate

The Court first considers whether a valid agreement to arbitrate exists in this case. Because "[a]rbitration is a product of contract," the Court applies ordinary state law principles to this inquiry. *Davis v. Nordstrom, Inc.*, 755 F.3d 1089, 1092-93 (9th Cir. 2014).

The party seeking to compel arbitration bears the burden of proving by a preponderance of the evidence the existence of an agreement to arbitrate. *See Ashbey v. Archstone Prop. Mgmt., Inc.*, 785 F.3d 1320, 1323 (9th Cir. 2015) (citing *Cox v. Ocean View Hotel Corp.*, 533 F.3d 1114, 1119 (9th Cir. 2008)). Defendant has provided evidence of an RIC containing an Arbitration Clause. *See* ECF No. 6-1 at 4-9. Plaintiff signed the RIC and initialed a clause on page one specifically acknowledging that she read, understood, and agreed to the Arbitration Clause. *See id.* at 4. Defendant has met its burden in demonstrating that a valid arbitration agreement exists. *See Landrum v. Mercedes-Benz Fin. Servs. USA LLC*, No. 5:24-CV-00533-AB-SP, 2025 WL 3158097, at *7 (C.D. Cal. July 18, 2025).

However, Defendant is a non-signatory to the RIC. *See* ECF No. 6 at 13. "Non-signatories to an arbitration agreement may compel arbitration if relevant state contract law allows the litigant to enforce the agreement." *Shoals v. Owens & Minor Distribution, Inc.*, No. 2:18-CV-2355 WBS EFB, 2018 WL 5761764, at *8 (E.D. Cal. Oct. 31, 2018) (citation omitted). "California law allows an assignee to step into the shoes of the assignor and assume all rights, privileges, and liabilities[.]" *Camarillo v. Balboa Thrift & Loan Ass'n*, No. 320CV00913BENBLM, 2021 WL 409726, at *5 n.4 (S.D. Cal. Feb. 4, 2021) (citing Cal. Civ. Code § 1457, § 1458).

The Arbitration Clause here recites that it is binding on the seller's assignee, and indeed specifically mentions Defendant: "[i]n this Arbitration Clause, 'We' and 'Us' mean Seller and/or Seller's assignee (including, without limitation, Credit Acceptance Corporation)[.]" ECF No. 6-1 at 9. The RIC also states: "You and We may elect to resolve any dispute by arbitration and not by court action" and a "dispute" includes "any controversy or claim between You and Us arising out of or in any way related to this Contract[.]" *Id.* at 4, 9. The plain language contemplates arbitration of controversies between the buyer and SDMG, as well as controversies between the buyer and an assignee of SDMG. SDMG assigned the contract to defendant Credit Acceptance Corporation. *See id.* at 4-9. Defendant is entitled to compel arbitration of Plaintiff's claims.

///

**B. Scope of the Agreement**

To decide whether a dispute must be arbitrated, the Court looks "to the content of the arbitration clause." *Jackson v. Amazon.com, Inc.*, 65 F.4th 1093, 1101 (9th Cir. 2023). Here, the Arbitration Clause applies to:

> [A]ny controversy or claim between You and Us arising out of or in any way related to this Contract, including, but not limited to, any default under this Contract, the collection of amounts due under this Contract, the purchase, sale, delivery, set-up, quality of the Vehicle, advertising for the Vehicle or its financing, or any product or service in this Contract. . . . [and] includes contract claims, and claims based on tort, violations of laws, statutes, ordinances or regulations or any other legal or equitable theories.

ECF No. 6-1 at 9. Plaintiff alleges that Defendant provided inaccurate information to consumer reporting agencies regarding her auto loan account, failed to reasonably investigate account disputes, and failed to disclose the method of verification used to investigate the account. *See* ECF No. 1 at 2-3. Plaintiff's claims arise out of the purchase of her vehicle and the auto loan account created by the RIC. *See id;* ECF No. 6-1. The complaint's causes of action are also based on violations of a statute, 15 U.S.C. § 1681. *Id.* Thus, Plaintiff's claims are related to the RIC and fall within the scope of the Arbitration Clause. *See* ECF No. 6-1 at 9; *Rodney v. Toyota Motor Credit Corp.*, No. 5:24-CV-02202-AB-SP, 2025 WL 1712384, at *3 (C.D. Cal. Apr. 18, 2025) (finding that statutory claims fell within the scope of a retail installment contract's arbitration provision because they "[arose] out of and relat[ed] to [plaintiff's] purchase of the vehicle"); *Landrum*, 2025 WL 3158097, at *7 (same).

**IV. CONCLUSION**

For the above reasons, the Court:

1. **GRANTS** Defendant's motion to compel arbitration [ECF No. 6].

2. **ORDERS** the Parties to submit to arbitration in the manner provided for in the Arbitration Clause contained in the Retail Installment Contract.

3. **STAYS** this action pending resolution of the arbitration.

4. **ORDERS** the Parties to file a joint report, no longer than five (5) pages, regarding the status of this action within twenty-one (21) days of the completion of the arbitration, or within six (6) months from the date of this Order, whichever occurs first.

**IT IS SO ORDERED**.

Dated: September 15, 2026

Robert S. Huie

Hon. Robert S. Huie
United States District Judge